IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the June 9, 2012 Manny Pazquiao v. Timothy Bradley Event, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:15-CV-1957-L** |
| **FLORENCIO AGUILAR,** individually and d/b/a Chili Gordos and d/b/a Chili Gordos Restaurant and d/b/a Chili Gordos Mexican Café, | § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment, filed November 18, 2015. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

**I.    Background**

J&J Sports Productions, Inc., ("J&J" or "Plaintiff") filed this action against Florencio Aguilar ("Aguilar" or "Defendant") on June 8, 2015. Plaintiff sued Aguilar for alleged violations of 47 U.S.C. §§ 553 and 605. J&J contends that Aguilar illegally intercepted the closed-circuit telecast of the June 9, 2012 Manny Pacquiao v. Timothy Bradley, WBO Welterweight Championship Fight Program (the "Event") and exhibited the Event in Defendant's Establishment, Chili Gordos at 1151 N. Jupiter Road 119, Richardson, Texas 75081, as well as the undercard and preliminary bouts to the Event. According to J&J, Aguilar did not pay the required licensing fee to J&J and did not receive J&J's authorization to show the Event.

The Summons and Complaint were served on Aguilar on July 9, 2015. The deadline for Aguilar to answer or otherwise respond to the Plaintiff's Original Complaint ("Complaint") was 21 days after service, which was July 30, 2015. *See* Fed. R. Civ. P. 12. Despite being served, Defendant, as of the date of this opinion and order, has not served an answer or otherwise responded to Plaintiff's Complaint. Further, the court determines that Aguilar is not an infant, mentally incompetent person, or a member of the United States military. The clerk of court entered a default against Aguilar on November 19, 2015.

J&J was the exclusive licensee through a licensing agreement, and Aguilar did not have authorization from J&J to show the Event at his establishment. Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, J&J was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J. No agreement between J&J and Defendant existed that would have allowed Defendant to broadcast the Event to patrons at Defendant's establishment. On June 9, 2012, Aguilar intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendant's establishment. Plaintiff's auditor observed the Event being telecast on two big-screen televisions to 20 patrons at Defendant's establishment.

## II.    Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v.*

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Aguilar.

Aguilar, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Aguilar is in default.

Further, based upon the record, evidence, and applicable law, the court concludes that Aguilar has violated 47 U.S.C. §§ 553 and 605, that J&J is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Aguilar's statutory violations.  Accordingly, the court determines that Aguilar is liable to J&J in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and J&J shall recover this amount from Aguilar.  The court impose the maximum statutory amount because Aguilar has not been deterred by previous awards when he engaged in the same kind of conduct.  Specifically, in another case *J&J Sports Productions, Inc. v. Florencio Aguilar*, Civil Action No. 3:13-CV-3751-M, United States District Judge Barbara M.G. Lynn entered an order and final default judgment against Aguilar in an action in which he engaged in the identical conduct.  The conduct in this case occurred on June 9, 2012, while the conduct in Judge Lynn's case occurred on September 18, 2010.  Thus, it is clear that Aguilar has not been deterred by a prior adverse judgment.

Further, for this reason, the court determines that an additional $50,000 shall be awarded to J&J, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Aguilar's action were willful and for the purpose of direct or indirect commercial advantage or private financial

**Memorandum Opinion and Order – Page 3**

gain. Moreover, the court determines that such damages are necessary to deter Aguilar and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that J&J is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is quite reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court has awarded this hourly rate in prior cases handled by Mr. Diaz. Accordingly, the court awards Plaintiff $1,000 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

### III.   Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Aguilar and in favor of J&J in the total amount of $61,000, which consists of $10,000 as statutory damages; $50,000 additional statutory damages; and $1,000 as reasonable

attorney's fees.  Postjudgment interest will accrue at the applicable federal rate of **.52 percent** from the date of entry of the judgment until it is paid in full.

    **It is so ordered** this 10th day of February, 2016.

                                                          */s/ Sam A. Lindsay*
                                                      Sam A. Lindsay
                                                      United States District Judge